James O. Peterson v. Commissioner.
Peterson v. Commissioner
Docket No. 251.
United States Tax Court
1943 Tax Ct. Memo LEXIS 41; 2 T.C.M. (CCH) 1024; T.C.M. (RIA) 43491; November 30, 1943
*41 Edgar W. Pugh, Esq., and Godfrey Hammel, C.P.A., 1248 Free Press Bldg., Detroit, Mich., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. STERNHAGEN The Commissioner determined income tax deficiencies of $949.62, $232.64, $107.46 and $1,734.56, for 1937, 1938, 1939 and 1940, respectively, by including in petitioner's income all the income of Peterson Glass Company, which petitioner contends was a partnership of petitioner and his wife, the income from which was not taxable entirely to him. Findings of Fact The petitioner, a resident of Detroit, Michigan, filed his income tax returns for 1937 to 1940, inclusive, in the district of Michigan. In 1933, he and Archie W. Robbins formed a partnership to engage in the glass business under the name of Peterson Glass Company. In March, 1934, a Michigan corporation, Peterson Glass Company, was organized as successor to the partnership, and petitioner and Robbins each became entitled to one-half its shares. At the first directors' meeting, on March 23, 1934, the following resolution was adopted: WHEREAS, James O. Peterson and Archie W. Robbins have offered to sell and transfer to this corporation in consideration of the issuance *42 to him or his nominee of 49 shares each of stock of this corporation without par value the following described property: All the stock, equipment, fixtures and goodwill of the Peterson Glass Company, a co-partnership composed of Archie W. Robbins and James O. Peterson of 2833 John R. Street, Detroit, Michigan, valued at $2,940.00 and further the said James O. Peterson requests the transfer of his stock to his nominee, Evelyne Peterson. Said transfer of assets to be consummated at the close of business March 31, 1934. The shares were issued on March 23, 1934, as follows: James O. Peterson
1 Share
Archie W. ROBBINS
49 Shares
Evelyne Peterson
49 Shares
Faye Chinley
1 Share
Evelyne Peterson was petitioner's wife. After the certificate was issued by the corporation in the wife's name, petitioner personally delivered the certificate to his wife as a gift. He gave the 49 shares to her in appreciation of what she had done and was doing for him and his children and to give her some financial security. On or about April 15, 1936, a 50 per cent stock dividend was declared. Evelyne Peterson received 25 shares. Robbins acquired the one share of Faye Chinley, and received 25 shares *43 as a stock dividend. In May, 1936, he purchased 33 shares from the corporation for cash. The petitioner acquired the 108 shares from Robbins for $5,000, payable $1,000 upon the execution of the agreement, December 17, 1936, $1,000 on March 10, 1937, and $100 on April 10, 1937, and monthly thereafter, without interest. A chattel mortgage of $4,000 was given to Robbins by petitioner with the consent of petitioner's wife. The petitioner also purchased 33 shares from the corporation for cash. The corporation was dissolved on December 29, 1936, when 216 shares were outstanding, 142 shares in the name of petitioner and 74 shares in the name of his wife. December 30, 1936, the petitioner and his wife made an agreement that the business of the dissolved corporation was to be carried on by the petitioner, and, as owner of 74 shares, or the equivalent of 38 3/4 per cent of all shares outstanding, his wife was to receive: A sum of money equal to 38 3/4% of the net profits of his said business, after all expenses are paid and his [petitioner's] weekly salary of $50.00 is deducted. The business was continued and carried on under the name of Peterson Glass Company. The petitioner on December *44 30, 1936, filed a certificate as required by Michigan law stating that he owned the business and conducted it under an assumed name. He did not inform his customers that his wife was a partner in the business but he notified the bank from which he borrowed money that his wife had an interest in the business. The wife made substantial withdrawals from the profits of the business which she used for personal expenses and for the purchase of property in her own name. The petitioner paid all expenses in connection with the operation of the home and living expenses. The books of account of the business showed the wife's share of the profits. In emergencies or during the vacation period of employees the wife worked in the business about thirty days a year but she received no remuneration. For 1937 to 1940, partnership income tax returns on Form 1065 were filed in the name of Peterson Glass Company. The petitioner and his wife each filed timely separate returns on Form 1040 showing their distributable shares of partnership income as follows: Petitioner
Wife
1937
$12,359.33
$6,174.27
1938
5,801.40
2,025.37
1939
4,717.32
854.36
1940
13,054.11
6,613.82
Opinion STERNHAGEN, *45 Judge: A partnership return was filed each year showing petitioner and his wife as partners and showing their distributive shares of income. They filed individual separate returns in which each included in income the distributive share of the partnership income. In determining the deficiency of the petitioner, the Commissioner held that "the business conducted by you * * * under the name of Peterson Glass Company, was a sole proprietorship and, therefore, all the income of such business * * * is taxable to you." The petitioner assails this and insists that the income of the business was that of the partnership, of which only his proper share may be attributed to him and taxed as his income. The question therefore is whether in the tax years a partnership existed composed of petitioner and his wife; for if so, the wife's share of the partnership income is taxable to her, since she filed a separate return, and may not be included in the separate income of the taxpayer. The evidence shows that Peterson in 1934 made a gift to his wife of 49 shares of the then corporation; that not only was the corporation directed by Peterson to issue the shares in her name, but also that he took the *46 certificate home and delivered it to her and that she received it from him as a gift. The reasons for the gift were testified by both without contradiction or counter-availing evidence. It has therefore been found as a fact that the wife was the owner of the shares after the gift of 1934, and the evidence affords no foundation for the doubt suggested by the Commissioner as to the bona fides of the gift. Thereafter, she was recognized as the owner of the shares, for the stock dividend of April, 1936, was issued to her. When the corporation was dissolved in 1936, the wife was the owner of the 74 shares and upon liquidation she was entitled to the distributive share of the assets which such shares represented. She made no transfer of her share of the corporate assets except to permit them to be used in the continuing business, which, by agreement between them, was to be carried on and was to be operated by Peterson. She continued to own the same proportionate interest in the business and the assets, and, as they expressly agreed, was entitled to her proportionate share of the income. Indeed, to a slight extent she participated in the operation when her services or participation were *47 needed. On the only occasions which arose when it might have been important, namely, when money was borrowed from the bank, her interest in the business was made known. For the purpose of the national income tax, there is no importance in the statement filed with the State of Michigan that petitioner was the sold owner of the business. That statement was, as shown by this record, incorrect, and it cannot serve to fix the status of the business or affect the ownership of income to be recognized for Federal tax purposes. Furthermore, the fact that Michigan law did not, during these tax years, recognize a partnership of husband and wife does not preclude the recognition of such a partnership under the Revenue Act. . (W.D. Mich.). The Commissioner treats the wife's receipt of her portion of the partnership income as if it were the result of an assignment by petitioner of such income and therefore ineffective to relieve him of the tax thereon, citing , and . *48 But the evidence shows, not an assignment of income, but ownership by the wife of a share in the assets of the business and a rightful distributive share of the income. There was no assignment of income, present or future, to which the petitioner was entitled and no foundation for the application of the Earl or Corliss doctrine. Cf. . Upon the evidence, it must be held that petitioner had no right to that part of the income of the business which was included by her in her individual return and that the Commissioner was in error in including such amount in his income. To this extent the deficiency for each year is incorrect. This being the decision on the merits, it is unnecessary to consider the other two contentions of the petitioner (1) that the statute of limitations has run as to 1937 and 1938, and that Section 275(c) is therefore ineffective to extend the period, and (2) that the Commissioner had no right to make a second examination. Decision will be entered under Rule 50.